IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 09-cv-81046-Ryskamp/Vitunac

INNOVATIVE BIOMETRIC
TECHNOLOGY, LLC,

               Plaintiff,

v.

LENOVO (UNITED STATES), INC.
FUJITSU AMERICA, INC., ACER
AMERICA CORP., SONY CORPORATE
SERVICES, INC., ASUS COMPUTER
INTERNATIONAL, MSI COMPUTER
CORP., TOSHIBA AMERICA, INC. and
DIALOGUE TECHNOLOGY USA CORP.,

               Defendants.

**IBT'S MOTION TO DISMISS FUJITSU'S DECLARATORY JUDGMENT
COUNTERCLAIM AND MOTION TO STRIKE FUJITSU'S
AFFIRMATIVE DEFENSE FOR INEQUITABLE CONDUCT
AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

Plaintiff Innovative Biometric Technology, LLC ("IBT") hereby moves to dismiss Fujitsu America Inc.'s ("Fujitsu") Counterclaim for declaratory judgment of unenforceability for inequitable conduct pursuant to Fed.R.Civ.P. 12(b)(6) and moves to strike Fujitsu's Affirmative Defense of unenforceability for inequitable conduct pursuant to Fed.R.Civ.P 12(f). Fujitsu failed to adequately plead the necessary elements of inequitable conduct and therefore failed to state a claim on which relief can be granted. Fujitsu attempts to support its allegations of inequitable conduct with irrelevant and vague statements regarding the prosecution of unrelated patent applications which were co-pending at the time the patent-in-suit was prosecuted. And some of

these patents and applications are essentially the same (see e.g., ¶ 44-54). While numerous, such statements cannot offset the complete lack of facts supporting the essential element of inequitable conduct: specific intent. Fujitsu's pleading is merely an improper "fishing expedition" and one which has been widely criticized:

> We add one final word: the habit of charging inequitable conduct in almost every major patent case has become an absolute plague. Reputable lawyers seem to feel compelled to make the charge against other reputable lawyers on the slenderest grounds, to represent their client's interests adequately, perhaps. They get anywhere with the accusation in but a small percentage of the cases, but such charges are not inconsequential on that account. They destroy the respect for one another's integrity, for being fellow members of an honorable profession, that used to make the bar a valuable help to the courts in making a sound disposition of their cases, and to sustain the good name of the bar itself.

Burlington Industries, Inc. v. Dayco Corp., 849 F.2d 1418, 1422 (Fed. Cir. 1988). Accordingly, IBT respectfully requests that the Court grant its motion to dismiss Fujitsu's Counterclaim pursuant to Fed.R.Civ.P. 12(b)(6) and its motion to strike Fujitsu's Affirmative Defense pursuant to Fed.R.Civ.P. 12(f) both regarding its insufficient claims of inequitable conduct.

I.   **INTRODUCTION**

Fujitsu's Answer to IBT's Amended Complaint dated February 22, 2010 (Docket Entry 35) adds a counterclaim and an affirmative defense alleging that the claims of IBT's U.S. Patent No. 7,134,016 ("'016 Patent") are unenforceable due to inequitable conduct. Fujitsu's pleading includes allegations which are completely irrelevant to the requisite element of specific intent and is fatally flawed because it fails to adequately plead the necessary facts to support the notion that anyone acted with the *specific intent* to "deceive and mislead" the examiner of the '016 Patent as to the existence of the numerous patents and patent applications, none of which are material and many of which are cumulative of each other. Fujitsu's only support for this essential element of its counterclaim and affirmative defense is contained in a single conclusory allegation which lumps together a number of co-pending patent applications, none of which are

related to the '016 Patent. That is, Fujitsu's pleading attempts to satisfy the requisite element of specific intent to deceive as to **multiple** patent applications in a single allegation that is unsupported by fact. As discussed more fully below, Fujitsu's Counterclaim and affirmative defense fail to meet the requirements of Federal Rules of Civil Procedure 9(b), 12(b)(6) and 12(f) and must be dismissed and stricken.

## II.  APPLICABLE LAW

District courts are instructed to apply Federal Circuit law in assessing the sufficiency of inequitable conduct claims. Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1326 (Fed. Cir. 2009) and Intel Corp. v. Commonwealth Sci. & Indus. Reg. Org., 455 F.3d 1364, 1369 (Fed. Cir. 2006).

### A.  Law of Inequitable Conduct

Inequitable conduct occurs when an individual associated with the filing and prosecution of a patent application makes an affirmative misrepresentation of a material fact, fails to disclose material information, or submits false material information, with the specific intent to deceive the PTO. See Star Scientific, Inc. v. R.J. Reynolds Tobacco Co., 537 F.3d 1357, 1365 (Fed. Cir. 2008); 37 C.F.R. § 1.56 (2009). While inequitable conduct is a "broader concept than common law fraud, it must [still] be pled with particularity" under Federal Rule of Civil Procedure 9(b). Ferguson Beauregard/Logic Controls v. Mega Sys., LLC, 350 F.3d 1327, 1344 (Fed. Cir. 2003). This particularity requirement is intended to "alert[] defendants to the precise misconduct with which they are charged and protect[] defendants against spurious charges of immoral or fraudulent behavior." Durham v. Bus. Mgmt. Assoc., 847 F.2d 1505, 1511 (11th Cir. 1988) (citing Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984)). "A pleading that simply avers the substantive elements of inequitable conduct, without setting

forth the particularized factual basis for the allegation, does not satisfy Rule 9(b)." Exergen, 575 F.3d at 1326-27. That is the situation here.

In order to sustain a claim for inequitable conduct, Fujitsu must adequately plead and prove by clear and convincing evidence that: (1) an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with a specific intent to deceive the PTO. Star Scientific, Inc. v. R.J. Reynolds Tobacco Co., 537 F.3d 1357, 1365 (Fed.Cir.2008). In order to establish that withheld information is material to patentability, Fujitsu must prove by clear and convincing evidence that "there is a substantial likelihood that a reasonable examiner would consider [the omitted prior art] important in deciding whether to allow the application to issue as a patent." Digital Control Inc. v. Charles Mach. Works, 437 F.3d 1309, 1315 (Fed. Cir. 2006). Prior art is *not* material to patentability if it is merely cumulative of or less material than references already considered by the PTO during examination of the original application. Rothman v. Target Corp., 556 F.3d 1310, 1326 (Fed. Cir. 2009).

The Federal Circuit has held that "in pleading inequitable conduct in patent cases, Rule 9(b) requires identification of the specific who, what, where, and how of the material misrepresentation or omission committed before the PTO. Exergen, 575 F.3d at 1327. Of particular relevance in the Federal Circuit's recent Exergen opinion is the requirement that allegations based on "information and belief" will be sufficient under 9(b) "only if the pleading sets forth the specific facts upon which the belief is reasonably based." Exergen, 575 F.3d at 1330:

> **The mere fact that an applicant disclosed a reference during a prosecution of one application, but did not disclose it during the prosecution of a related**

4

> **application, is insufficient to meet the threshold level of deceptive intent required to support the allegation of inequitable conduct.**

Id. at 1331 (emphasis added). Fujitsu's inequitable conduct allegations are "supported" only by the coincidence of a handful of patent prosecution occurrences including *thousands* of other unrelated applications for which Mr. Harris was responsible during this time. A reasonable inference is one that is plausible and that flows logically from the facts alleged, including any objective indications of candor or good faith - - not mere coincidence. Id., 575 F.3d at 1329, n.5. Notably, an inference of deceptive intent must be reasonable and drawn from a pleading's allegations of underlying fact to satisfy Rule 9(b). Such an inference of deceptive intent must also be "the *single most reasonable* inference able to be drawn from the evidence to meet the clear and convincing standard." Id. Fujitsu has not met that standard. Moreover, in some instances, it has failed to even allege materiality.

**B.   Fed.R.Civ.P. 9(b)**

As mentioned above, Fed.R.Civ.P. 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity." Exergen, 575 F.3d at 1326 *citing* Ferguson Beauregard/Logic Controls, Div. of Dover Resources, Inc. v. Mega Sys., 350 F.3d 1327, 1344 (Fed.Cir.2003) ("[I]nequitable conduct, while a broader concept than fraud, must be pled with particularity" under Rule 9(b)). A pleading that merely avers the essential substantive elements of inequitable conduct, without setting forth the particularized bases for the allegation, does not satisfy Rule 9(b). To be clear, the "circumstances" in Rule 9(b) must be set forth with "particularity," i.e., they "must be pleaded in detail" – "[t]his means the who, what, when, where and how" of the alleged fraud. Exergen, 575 F.3d at 1327.

5

Rule 9(b) states that "[m]alice, intent, knowledge, and other conditions of mind of a person may be averred generally." In this case, the relevant "conditions of the mind" for inequitable conduct include: (1) knowledge of the withheld material information or of the falsity of the material misrepresentation, and (2) specific intent to mislead the PTO. Exergen, 575 F.3d at 1327. Although "knowledge" and "intent" may be averred generally, Federal Circuit precedent requires that Fujitsu allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind. Id. at 1327.

C.   12(b)(6)

A motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957). When ruling on a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), a court must limit its consideration to the complaint, the written instruments attached to it as exhibits, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 323, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007); GSW, Inc. v. Long County, Ga., 999 F.2d 1508, 1510 (11th Cir. 1993). In determining the merits of the motion, a court must "accept all factual allegations in the complaint as true." Tel-labs, Inc., 551 U.S. at 323. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing [*5] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

6

### D.     12(f)

Pursuant to Fed.R.Civ.P. 12(f), a court may strike from a pleading an "insufficient defense," among others which typically is an application of the legal standards governing a Rule 12(b)(6) motion to dismiss. The ubiquitous claim of inequitable conduct raised mercilessly by defendants may be stricken pursuant to Rule 12(f) for failure to plead with particularly, in accordance with Rule 9(b). <u>Central Admixture Pharmacy Servs., Inc.</u> v. <u>Advanced Cardiac Solutions, P.C.</u>, 482 F. 3d 1347, 1356 (Fed. Cir. 2007).

### III.    FUJITSU HAS FAILED TO MEET THE ESSENTIAL PLEADING REQUIREMENTS

Fujitsu's allegations as set forth in its pleadings are deficient because they fail to allege with particularity the facts regarding the reasonableness of the inference of scienter. To plead the "circumstances" of inequitable conduct with the requisite "particularity" under Rule 9(b), the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO. <u>Exergen</u>, 575 F.2d at 1328. Accordingly, under Fed.R.Civ.P. 9(b), Fujitsu's counterclaim for inequitable conduct must include sufficient allegations of underlying fact from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation; and (2) withheld or misrepresented this information with a specific intent to deceive the PTO. <u>Id.</u> at 1328-1329.

### A.    Specific Intent

The few conclusory allegations offered by Fujitsu to support the necessary element of "specific intent" for inequitable conduct are:

> 101.    As a practicing attorney registered with the USPTO, Mr. Harris knew that the information described in Paragraphs 33-98, including the Young patent, the Chou patent, and the Bailey patents and their applications, was material to the patentability of the subject matter claimed in the '398 application.

7

> Mr. Harris failed to disclose the information described in Paragraphs 33-98, including the Young patent, the Chou patent, and the Bailey patents and their applications, with the intent to deceive the USPTO. This allegation is based on: (a) the allegations in Paragraphs 33-98; (b) the very close proximity and overlap in time between Mr. Harris learning of the material information or otherwise asserting arguments about them, and the prosecution of the '398 application which eventually issued as the '016 patent; (c) the large number of references that Mr. Harris failed to disclose to the USPTO; (d) the fact that Mr. Harris clearly knew of information that directly contradicted his positions in asserting patentability of the subject matter claimed in the '398 application; (e) the high materiality of the references that Mr. Harris failed to disclose to the USPTO; and (f) Mr. Harris's bad faith in pursuing the '398 application on technology that overlaps with that of his clients, including Caltech, Senetas, Encryp and Mr. Bailey.
>
> 102. Upon information and belief, further information evidencing Mr. Harris's deceptive intent with respect to the '398 application is within the exclusive control of Mr. Harris, IBT and the law firm of Fish & Richardson P.C.
>
> 103. The '016 patent is unenforceable based on inequitable conduct by Mr. Harris in not disclosing, with an intent to deceive the USPTO, the information alleged in Paragraphs 33-98 to the USPTO and through his repeated misrepresentations concerning the scope of and content of the prior art, including whether the prior art taught or suggested a "limited exception mode."

(Fujitsu's Answer to First Amended Complaint at p. 20; D.E. 33 at p. 20 of 26). In its Counterclaim, Fujitsu does even bother to expand on its threadbare allegations and merely states:

> 18. The '016 patent is unenforceable based on the inequitable conduct by the named inventor, Mr. Scott C. Harris, through his intent to deceive the USPTO by not disclosing the information alleged above in Paragraphs 33 to 103 to the USPTO and through his misrepresentations concerning the scope of and content of the prior art.

(Fujitsu's Answer to First Amended Complaint at p. 23; D.E. 35 at p. 23 of 26).

Fujitsu's allegations entirely fail to show an intent to deceive the PTO, or any facts upon which a reasonable inference may flow. Fujitsu has failed to allege sufficient facts to support a claim for inequitable conduct. This is because no facts exist to support an intent to deceive, and Fujitsu alleged insufficient facts, under Federal Circuit precedent, from which an intent to deceive can be inferred.

8

### B. The information on which Fujitsu's Allegation of Specific Intent is based <u>Cannot</u> Survive under Rule 12(b)(6)

Recognizing that specific intent is often an allegation for which "direct evidence ...is rarely available," <u>Star Scientific, Inc.</u> v. <u>R.J. Reynolds Tobacco Company</u>, 537 F.3d 1357, 1366 (Fed. Cir. 2008), in this case, the indirect and circumstantial evidence relied on by Fujitsu to support an inference of specific intent to deceive cannot possibly satisfy the deceptive intent requirement for a single reason:

> The mere fact that an applicant disclosed a reference during prosecution of one application, but did not disclose it during prosecution of a related application, is *insufficient* to meet the threshold level of deceptive intent required to support an allegation of inequitable conduct.

<u>Exergen</u>, 575 F.3d at 1331 (emphasis added).  See also, <u>Correct Craft IP Holdings, LLC</u> v. <u>Malibu Boats, LLC</u>, 2010 U.S. Dist. Lexis 13577 at *12 (M.D. Fla. 2010)(granting motion to dismiss inequitable conduct counterclaim where allegation of specific intent was insufficient).

Fujitsu's claim, based on "circumstantial" evidence (¶224) is as defective as the claims put forth in <u>Exergen</u> and <u>Correct Craft</u> - both of which alleged insufficient facts to support a claim for inequitable conduct.  The inventors in both <u>Exergen</u> and <u>Correct Craft</u> were erroneously accused of inequitable conduct where the allegation of specific intent was premised solely on "information and belief" that material references were cited by the inventors in related applications, but not the application which became the patent in suit.  In both cases, the claims were dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to adequately plead the necessary element of specific intent.  Here, the circumstantial evidence articulated in Fujitsu's sole allegation of specific intent is akin to the facts of <u>Exergen</u> and <u>Correct Craft</u>.  Fujitsu's allegations (a) through (e) in paragraph 101 do not even pertain to the prosecution of an application "related" to the patent in suit (i.e., within the family), but pertain to applications *unrelated* to the patent in suit.  The Federal Circuit and a district court of *this* Circuit found that

9

prosecution activities of co-pending applications are irrelevant and insufficient to support an inference of specific intent to survive a motion to dismiss. Moreover, the facts of this case demonstrate that relying on the activities of co-pending patent applications to infer specific intent are likewise misplaced. In fact, sub-allegations (a) through (e) just re-state the same proposition a number of different ways. Regardless how many times Fujitsu repeats the same "fact" (that certain references were not cited in the '016 Patent prosecution) does not make its argument any more persuasive. Moreover, Fujitsu's irresponsible allegation of "bad faith" regarding the Caltech technology without any substantive basis not only has nothing to do with the required legal elements of inequitable conduct, but does not support an inference of specific intent to deceive. Thus, having failed to adequately plead the element of specific intent, Fujitsu's Counterclaim and affirmative defense (which both allege unenforceability under an inequitable conduct theory) fail to state a claim pursuant Fed.R.Civ.P. 12(b)(6).

C.  **Materiality**

In addition, in paragraphs 44-54 of its Affirmative Defenses, Fujitsu describes various CalTech applications as a basis of its charges of inequitable conduct – which it then incorporates by reference into its omnibus claim of unenforceability (¶ 101, 103). It also reincorporates these same allegations into its Counterclaim of unenforceability (¶ 18). Importantly, not once does Fujitsu assert – on information and belief or otherwise – that these references are material to patentability or that they would be important to a reasonable examiner. Even more importantly, Fujitsu does not specify how the references are material, why they are material and why they would be important to a reasonable examiner. Clearly, that is required. Without this information, the "what," "why" and "how" as required by Exergen is missing, and therefore deficient as a matter of law. Exergen at 1327.

The same is true for Fujitsu's allegations that "Mr. Harris's bad faith in pursuing the '398 application on technology that overlaps with that of his clients, including CalTech, Senetas, Encryp and Mr. Bailey" (¶ 101). Again, the specifics of these allegations are unknown – specifics that are required to survive a motion to dismiss or strike. What exactly do the references teach that was not already before the Patent Office? How are they material? And, what is "Senetas" and "Encryp"? Similarly, such allegations do not meet the stringent pleading requirements of the Federal Rules or Federal Circuit case law. At a minimum, these allegations must be stricken or dismissed.

## IV. CONCLUSION

For the reasons stated above, IBT respectfully requests that this Court grant its motion to dismiss Fujitsu's Counterclaim with prejudice and motion to strike Fujitsu's affirmative defense.

Dated: March 18, 2010

Respectfully submitted,

s/ Laurie Stilwell Cohen
Stanley Dale Klett, Jr. (FL Bar No. 435716)
Laurie Stilwell Cohen (FL Bar No. 0057363)
RUTHERFORD, MULHALL, P.A.
PGA Financial Plaza, Suite 240
3399 PGA Boulevard
Palm Beach Gardens, Fl. 33431 0
Phone: (561) 691-8111
Fax: (561) 625-6186
Email: sklett@rmlawyer.com
Email: lcohen@rmlawyer.com

Raymond P. Niro (FL Bar No. 0014584)
NIRO, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, Illinois 60602
Phone: (312) 236-0733
Fax: (312) 236-3137
Email: rniro@nshn.com

Attorneys for Plaintiff, Innovative Biometric Technology, LLC

11

## Certificate of Service

I hereby certify that on March 18, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the attached Service List via transmission of Notice of Electronic Filing generated by CM/ECF.

## SERVICE LIST

**Innovative Biometric Technology, LLC v. Lenovo (United States), Inc. and Fujitsu America, Inc.**

**Case No. 09-cv-81046-Ryskamp/Vitunac**

**United States District Court, Southern District of Florida**

Richard C. Hutchison
Joshua R. Levenson
Holland & Knight LLP
1 E Broward Boulevard, Suite 1300
Fort Lauderdale, FL 33301-4811
Phone: 954-468-1000
Fax: 954-463-2030
Email: rick.hutchison@hklaw.com
   joshua.levenson@hklaw.com

John P. Moran
Holland & Knight LLP
2099 Pennsylvania Ave. N.W., Suite 100
Washington, DC 20006
Phone: 202-955-3000
Fax: 202-955-5564
Email: john.moran@hklaw.com

Joshua C. Krumholz
Benjamin D. Enerson
Holland & Knight LLP
10 St. James Ave.
Boston, MA 02116
Phone: 617-523-2700
Fax: 617-523-6850
Email: joshua.krumholz@hklaw.com
   benjamin.enerson@hklaw.com

*Attorneys for Fujitsu*

Darrell W. Payne
Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
150 W Flagler Street, Suite 2200
Miami, FL 33130
Phone: 305-789-3415
Fax: 305-789-3395
Email: dpayne@stearnsweaver.com

Michael A. Molano
Sheppard Mullin Richter & Hampton LLP
990 Marsh Road
Menlo Park, CA 94025
Phone: 650-815-2624
Fax: 650-815-2601
Email: mmolano@sheppardmullin.com

*Attorneys for Fujitsu*